## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DAVID KOPSZYWA**                                                                 **PLAINTIFF**


**V.**                                             **CIVIL ACTION NO. 1:06CV110 LTS-RHW**

**J. W. WEBB and**
**STATE FARM FIRE AND CASUALTY COMPANY**                          **DEFENDANTS**


### MEMORANDUM OPINION

The Court has before it Plaintiff David Kopszywa's (Kopszywa) motion to remand.  For the reasons set out below, this motion will be granted.

This is an action for property damage sustained in Hurricane Katrina.  Plaintiff was insured under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company (State Farm).  Plaintiff purchased this policy through State Farm's local agent, Defendant J. W. Webb (Webb).  The State Farm policy contains an exclusion for certain types of damage caused by water, as set out in the policy.

The state court complaint alleges that at the time the plaintiff purchased his State Farm policy, he asked Defendant Webb to provide "full coverage." (Complaint Paragraph 4) In response to this request, the complaint alleges that Webb sold him the State Farm policy at issue. (Complaint Paragraph 4)  Kopszywa alleges that he relied upon Webb's response to his request for "full coverage" and did not seek any additional insurance.

During Hurricane Katrina Kopszywa's property sustained substantial damage from the storm surge flooding that occurred during the storm.  State Farm denied coverage for these losses on the grounds that they were excluded losses under the State Farm homeowners policy. (Complaint Exhibit A)

State Farm has removed this action on grounds of diversity of citizenship, alleging that Kopszywa has fraudulently joined Webb in order to defeat diversity jurisdiction.  This is an issue on which State Farm has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Plaintiff has alleged that he asked Webb to procure "full coverage." (Complaint Paragraph 4)  Kopszywa apparently never purchased flood coverage, and he alleges that this omission was done in reliance on Webb's having sold him the State Farm policy at issue in response to his request of "full coverage."  A fair reading of the complaint would support an inference that Kopszywa would have purchased flood insurance had Webb explained to him that the State Farm policy did not provide coverage for the risk of storm surge flooding during a hurricane.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  The allegations of the complaint against Webb are minimal, consistent with the requirements of notice pleading.  Yet in the context of an allegation of fraudulent joinder, these minimal allegations must be accepted as true, and the plaintiff must be granted all reasonable inferences that may be drawn from his allegations.

Of course, the truth of Kopszywa's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, Kopszywa's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of Kopszywa's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Webb and State Farm have failed to establish that Kopszywa has no viable legal theory upon which he may proceed against Webb under Kopszywa's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become

removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge